Patricia D. Peterman
PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC
2817 2nd Avenue North, Suite 300
Billings, MT 59101
Phone: (406) 252-8500
Fax: (406) 294-9500
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| ROBBIE HAGEL, | CAUSE NO. CV _____ |
| Plaintiff, | JUDGE: _____ |
| -vs- | |
| BILLINGS CLINIC, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | |

COMES NOW Plaintiff, Robbie Hagel ("Hagel"), through his attorneys, Patten, Peterman, Bekkedahl & Green, PLLC, and for his complaint against the Defendant, Billings Clinic, alleges as follows:

**JURISDICTION, AND VENUE**

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 which gives district courts original jurisdiction over civil actions arising under the Constitution, Laws, or Treaties of the United States.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this complaint occurred in this district.

## PARTIES

4. Plaintiff is a citizen of the United States and resides in the County of Yellowstone, State of Montana, which is in this judicial district.

5. Defendant, Billings Clinic, is an entity for purposes of the ADA pursuant to 42 U.S.C. § 12131(1) and is located in the County of Yellowstone, State of Montana, which is in this judicial district.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference each and every allegation included in paragraphs 1 through 5 of this complaint as though fully set forth herein.

7. This employment discrimination lawsuit is brought against Defendant under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111.

8. In January 2003, Defendant hired Plaintiff on a full-time basis as a Registered Nurse. In 2004, while employed full-time by Defendant, Plaintiff was diagnosed with epileptic seizures. At that time, he became disabled within the meaning of the Montana Human Rights Act, although he was otherwise qualified to perform the essential functions of his position.

9. From 2003 until his termination in December 2010, Defendant scheduled Plaintiff only for night shifts.

10. At all times, Plaintiff informed Defendant of his medical treatments,

appointments and the need for accommodations, which included regular night shifts.

11. In December 2010, Defendant discontinued the accommodations and failed to enter in the interactive process.

12. In December 2010, Plaintiff informed Defendant that he needed the accommodations to continue because he had been seizure-free on his new treatments for his epileptic seizures; Defendant did not permit the accommodations.

13. Without discussing the changes with Plaintiff, Defendant changed the accommodations it had previously given Plaintiff and told him it could no longer accommodate his previous schedule.

14. Defendant never engaged in an interactive process with Plaintiff; it made an arbitrary decision and cut off the process.

15. At that point, Plaintiff had no choice but to resign because Defendant was refusing to accommodate him.

16. Defendant was aware of Plaintiff's disability and need for accommodations, yet discriminated against him in failing to engage in the interactive process and failing to provide him with reasonable accommodations. Plaintiff requested a reasonable accommodation which did not cause hardship to Defendant.

17. On December 8, 2010, Plaintiff informed Defendant that forcing him to move to day shift which would increase his risk of seizures and he needed more time on new medications from his seizure specialist.

## COUNT ONE
## VIOLATION OF THE AMERICANS WITH DISABLITIES ACT
## DISABILITY DISCRIMINATION

18. Plaintiff incorporates and re-states each of the above paragraphs as if fully set

forth herein.

19. Plaintiff is a qualified person with a disability as defined in 42 U.S.C. §12131(2).

20. The American with Disabilities Act bars discrimination against qualified individuals with a disability in regard to job application procedures, hiring, promotion, termination, compensation, job training, and other terms and conditions of employment.

21. Plaintiff was a qualified individual and yet Defendant violated his rights because it failed to engage in the interactive process and refused to continue the accommodations it had given him for his disability.

22. Defendant committed unlawful discriminatory practices when it failed to engage in the interactive process and refused to continue the accommodations it had given Plaintiff.

23. Employment discrimination is prohibited by the ADA, and Plaintiff has obtained a Right to Sue Letter from the EEOC, a copy of which is attached hereto as "Exhibit A".

24. As a result of Defendant's wrongful disability discrimination, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT TWO
## PUNITIVE DAMAGES

25. Plaintiff incorporates and re-states each of the above paragraphs as if fully set forth herein.

26. Defendant engaged in actual malice or reckless indifference to Federal law in its treatment of Plaintiff, and Plaintiff is entitled to reasonable punitive damages under all his statutory claims.

**WHEREFORE**, Plaintiff, Robbie Hagel, respectfully prays for relief as follows:

1. For judgment against Defendant, Billings Clinic, for each count in an amount to

be determined at trial;

2. For backpay Plaintiff would have earned with related monetary benefits and interest thereon pursuant to the ADA;

3. For front pay pursuant to the ADA;

4. For compensatory damages, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses pursuant to the ADA;

5. For costs and fees of suit;

6. For pre-judgment and post-judgment interest;

7. For punitive damages;

8. For attorney fees and litigation expenses; and

9. For such other and further relief as this Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.

DATED this 7th day of February, 2012.

                        PATTEN, PETERMAN, BEKKEDAHL & GREEN, PLLC

                        By__/s/ Patricia D. Peterman_____
                           Patricia D. Peterman
                           Attorney for Plaintiff